http://www.va.gov/vetapp16/Files4/1634364.txt

Citation Nr: 1634364 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 10-04 409 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas

THE ISSUE

Entitlement to service connection for residuals of a back injury.

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Jaime M. Porter, Associate Counsel

INTRODUCTION

The Veteran served on active duty from June 1974 to August 1975. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a July 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 
 
The Veteran testified at a Travel Board hearing before a Veterans Law Judge (VLJ) in June 2011, and a transcript of that hearing has been associated with the claims file. In an October 2015 letter, the Board informed the Veteran that the VLJ who conducted the June 2011 hearing is no longer employed with the Board and offered the Veteran the opportunity to have another hearing. See 38 C.F.R. § 20.707. The letter gave the Veteran 30 days to respond, after which she would be presumed to not want a new hearing. As the Veteran did not respond to the October 2015 letter, it is presumed that she does not want a new hearing. Thus, the Board will proceed with adjudication of the claim. 

This claim was previously before the Board in November 2015, at which time it was denied. The Veteran appealed the denial to the United States Court of Appeals for Veterans Claims (Court). In July 2016, the Court granted the parties' Joint Motion for Remand (JMR), vacated the Board's decision, and remanded the case pursuant to 38 U.S.C.A. § 7252(a) for readjudication consistent with the JMR. The case is now again before the Board for appellate consideration.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

Unfortunately, the Board finds that further development is necessary to comply with the July 2016 JMR. In granting the JMR, the Court vacated the Board's November 2015 decision on the basis that it failed to consider the credibility of the Veteran's statements that she had continuous back pain since service. The Court additionally noted that the negative nexus opinion provided by the April 2015 VA examiner did not take into consideration the Veteran's statements regarding continuity of symptomatology. 

The Veteran asserts that she suffers from residuals of a back injury that occurred during active service. Specifically, she reports injuring her back when she fell off a bicycle and experiencing back pain during running and jumping exercises in basic training. She has consistently reported suffering from back pain since service. The Veteran self-treated her back pain with Tylenol until 2008, at which time she sought medical treatment. 

The Veteran was afforded a VA examination in April 2015. Following clinical evaluation, the examiner diagnosed the Veteran with degenerative arthritis of the thoracolumbar spine and chronic nociceptive somatic pain with functional spinal ankylosis. The examiner determined that the Veteran's current back condition was less likely as not related to the single incident of back injury that she sustained during military service. In formulating this opinion, the examiner noted that the Veteran had no documented medical treatment for back pain until 2008, following a motor vehicle accident. This was 33 years after her discharge from the military. The examiner further opined that the Veteran's current back condition is more likely the result of "natural aging process." 

The April 2015 VA examiner's opinion was based on the absence of post-service medical treatment for back pain. However, the mere absence of documented treatment since separation from service cannot be the sole basis for concluding that the Veteran's current back condition is not related to military service. See Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) (holding that although "the lack of contemporaneous medical records may be a fact that the Board can consider and weigh against a veteran's lay evidence, the lack of such records does not, in and of itself, render lay evidence not credible"). Moreover, the Veteran is considered competent to establish the presence of observable symptomatology, such as back pain, and such lay testimony "may provide sufficient support for a claim of service connection." Barr v. Nicholson, 21 Vet. App. 303, 307 (2007) (quoting Layno v. Brown, 6 Vet. App. 465, 469 (1994)). Because the Veteran's competent reports of continuous back pain since service were not considered, the April 2015 VA examination is inadequate. See Dalton v. Nicholson, 21 Vet. App. 23 (2007) (finding that an examination must consider lay evidence of in-service incurrence or continuity of symptomatology since service); see also Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (holding that once VA undertakes to provide an examination, it must ensure that the examination is adequate). 

For these reasons, and pursuant to the July 2016 JMR, this matter must be remanded to obtain a supplemental VA opinion that considers the Veteran's reported continuity of symptomatology.

Accordingly, the case is REMANDED for the following action:

1. Forward the claims file to the examiner who conducted the April 2015 examination, or another appropriate examiner if that individual is unavailable, to provide a supplemental opinion regarding the etiology of the Veteran's back condition. The claims file, including this remand, must be reviewed by the examiner and such review must be noted in the opinion. An additional VA examination may be provided if deemed necessary. 

The examiner should provide an opinion as to whether it is at least as likely as not (a 50 percent probability or more) that any current back condition had its onset during military service or is otherwise related to military service. The examiner should comment on all diagnoses of record.

The examiner is advised that the Veteran is competent to report her symptoms and history, and such reports, including those of in-service back pain and injury, continuity of symptomatology, and self-treatment of back pain since service, must be discussed in any opinion provided.

If the examiner rejects the Veteran's reports, the examiner must provide reasons for doing so. The absence of supporting documentation or treatment is not, by itself, a sufficient reason for rejecting the Veteran's reports of continuous back pain since service.

A rationale must be provided for any opinion expressed. If the examiner cannot provide an opinion without resorting to speculation, he or she must provide a complete explanation stating why this is so.

2. After completing the above development, and any other development deemed necessary, readjudicate the claim on appeal. If any benefit sought on appeal remains denied, provide an additional supplemental statement of the case to the Veteran, and return the appeal to the Board for appellate review, after the Veteran and her representative have had an adequate opportunity to respond.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).